NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> FINNIAN EBUEHI and ELIZABETH EBUEHI, <br><br> Defendants. | Civil Action No.: 11-cv-1346 <br><br> **OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on Plaintiff's motion for default judgment against Defendants (ECF No. 51). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiff's motion.

**I.   BACKGROUND**

Although Defendants originally participated in this action by answering the complaint (ECF No. 4), they became unresponsive and ceased to defend. As a result, Judge Dickson entered an order striking their answer and directing the court to enter default under Rule 55(a). (ECF No. 49). Plaintiff then filed the instant motion for Default judgment under Rule 55(b), which Defendants have not opposed.

The following facts, taken from the complaint, are deemed admitted by Defendant due to its default. DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (citing Comdyne I, Inc.

v. Corbin, 908 F.3d 1142, 1149 (3d Cir. 1990)). Non-party Viva Vista Ventures, Inc. entered into a franchise agreement with Plaintiff dated June 6, 2008, and a connectivity agreement with Plaintiff dated June 10, 2008. (Compl. Ex. A, Ex. B). Defendants are co-owners of Viva Vista, and provided Plaintiff with a guarantee that if Viva Vista defaulted upon its obligations they would perform its obligations. (Compl. ¶¶ 18-19, Ex. A - Schedule B, Ex. C). Viva Vista stopped operating the facility as a Howard Johnson facility on April 1, 2009 and Plaintiff sent Viva Vista a termination letter pursuant to Section 11.2(2) of the franchise agreement on April 15, 2009. (Compl. ¶¶ 21-22, Ex. D). This termination triggered certain obligations by Viva Vista, including liquidated damages under both agreements, payment of any past due recurring fees, and attorney's fees. (Compl. ¶¶ 23-35, Ex. A §§ 7, 12.1, 17.4, Ex. B § 12(c)).

Plaintiff seeks payment of these obligations from Defendants, due to the Guarantee. (Compl. ¶ 35).

## II. DISCUSSION

### A. Plaintiff Is Entitled To Default

Rule 55 authorizes a district court to enter a default judgment against a defendant who has been properly served and has failed to answer or respond to the pleadings. Obtaining a default judgment is a two-step process. First, when a party has failed to plead or otherwise defend, the clerk must enter that party's default. Fed. R. Civ. P. 55(a). Once the clerk enters default, a plaintiff may move for a default judgment. Fed R. Civ. P. 55(b). Here, the clerk has entered default, and so the Court will address Plaintiff's motion on the merits.

In order to award a default judgment, a district court must make explicit findings regarding the following factors: (1) whether the plaintiff would suffer prejudice if the default judgment were denied, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's own

culpable conduct caused his delay. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)); Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987) (Emasco includes a fourth factor, "the effectiveness of alternative sanctions."). In making these findings, Plaintiff's factual allegations in the complaint will be taken as true, except for those relating to the amount of damages. DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (citing Comdyne I, Inc. v. Corbin, 908 F.3d 1142, 1149 (3d Cir. 1990)). "Default judgment is inappropriate, even where defendants have failed to appear, unless the plaintiff has provided well pleaded facts sufficient to establish a claim." Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC, No. 06-cv-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007).

The Complaint clearly states a cause of action for breach of contract. In order to prove its breach of contract claims, Plaintiff must prove (1) a valid contract; (2) defendant's failure to perform; and (3) damages. Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc., 737 F.3d 879, 900 (3d Cir. 2013). The relevant contracts are before this Court, and the uncontested facts in the Complaint demonstrate that neither Viva Vista nor Defendants have performed the obligations required by the contracts.

With respect to the Emcasco factors, the Court finds that Plaintiff is harmed by not receiving payment, and absent default Plaintiff will have no other means of vindicating its claims against Defendants. Accordingly, Plaintiff will suffer prejudice without default. With respect to the merits of any defenses, although Defendant's stricken answer sets forth ten defenses, these defenses are bare-bones and provide no factual detail for the Court to determine their merit. Finally, the record of this case indicates that the clerk's default was entered against Defendants over six months ago, yet Defendants have not sought to lift default or otherwise defend against this motion for default judgment. Accordingly, in light of these factors, the court finds the entry of

Default Judgment appropriate.

### B. Damages

All that remains is the issue of damages. Upon motion, the Court clerk may enter default judgment if the damages are for a sum certain, Fed. R. Civ. P. 55(b)(1). A claim for damages is not for a sum certain unless the amount the plaintiff seeks can be calculated without resorting to extrinsic evidence. Trucking Emp. of N.J. Welfare Fund, Inc. v. Moskowitz Motor Transp., Inc., No. 05-cv-5605, 2007 WL 608436, *3 (D.N.J. Feb. 23, 2007) (quoting KPS, 318 F.3d at 21). Such situations include "money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof." Id. If the damages are not for a sum certain, the Court must determine damages by conducting a factual inquiry through evidentiary hearings, detailed affidavits, or documentary evidence. Fed. R. Civ. P. 55(b)(2); Bds. of Trs. of Operating Eng'rs Local 825 Welfare Fund v. Robert Silagy Landscaping Inc., 06-cv-1795, 2006 WL 3308578, at *4 (D.N.J. Nov. 13, 2006) (citing KPS Assocs. Inc. v. Designs by FMC, Inc., 318 F.3d 1, 20 (1st Cir. 2001)).

The Court proceeds under Fed. R. Civ. P. 55(b)(2), since Plaintiff relies upon extrinsic evidence regarding its accounts. Having considered the assessment of reasonable costs and attorney's fees provided by Plaintiff's counsel, the Court concludes that Plaintiff should be awarded $8,723.10 in attorney's fees, and $2,772.08 in costs pursuant to the franchise agreement and the guarantee. (Couch Decl. ¶¶ 13-15). Having considered the damage assessment and calculations of Ms. Fenimore, the Court concludes (1) that Plaintiff should be awarded $50,070.77 inclusive of interest under the franchise agreements and guarantee (Fenimore Decl., ¶ 19; Ex. E); (2) that Plaintiff should be awarded $276,000 for the liquidated damages pursuant to § 12.1 of the franchise agreement and guarantee (Fenimore Decl. ¶ 26); (3) that Plaintiff should be awarded

$3,929.21 under section 12(c) of the connectivity agreement and the guarantee (Fenimore Decl. ¶ 27); and (4) that Plaintiff should be awarded $229,439.10 in interest under § 7.3 of the franchise agreement and the guarantee (Fenimore Decl. ¶ 29).

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is **GRANTED** and default judgment will be entered against Defendants.

DATED: May 27, 2014

**CLAIRE C. CECCHI, U.S.D.J.**